J-S07041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.M.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.M.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 748 WDA 2021 |

Appeal from the Order Dated June 24, 2021
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-JV-0000032-2011

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED: MARCH 23, 2022**

A.M.B. appeals an order of the Court of Common Pleas of Bedford County (trial court) mandating a one-year extension of his involuntary inpatient commitment pursuant to 42 Pa.C.S. §§ 6401-6409 (Act 21). He argues that the Commonwealth did not present sufficient evidence that he continues having serious difficulty controlling sexually violent behavior. We affirm.

In 2011, A.M.B. was adjudicated delinquent of committing acts that would constitute indecent assault[1] if committed by an adult. The adjudication stemmed from A.M.B.'s sexual assault of an intellectually disabled woman.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(6).

On July 18, 2014, the trial court held a hearing to determine whether A.M.B. suffered from a personality disorder resulting in difficulty controlling sexually violent behavior and which made it likely he will engage in acts of sexual violence. Under 42 Pa.C.S. § 6403(d) of Act 21, a person may be subject to court-ordered commitment for involuntary treatment if a personality disorder and uncontrollable propensity for sexual violence are proven by clear and convincing evidence.

Following the hearing in 2014, the trial court found that the evidence was sufficient to warrant A.M.B.'s commitment for involuntary treatment. He was then committed to the Sexual Responsibility and Treatment Program (SRTP) of the Torrance State Hospital. From 2015 to 2020, the matter was reviewed annually, and each time, the trial court found that the evidence was sufficient to continue A.M.B.'s inpatient commitment. **See generally Interest of A.M.B.**, 264 A.3d 384 (Pa. Super. September 20, 2021) (unpublished memorandum) (summarizing procedural history of A.M.B.'s involuntary inpatient commitment status).

At A.M.B.'s most recent annual review hearing on June 24, 2021, the trial court again determined that clear and convincing evidence established that he has serious difficulty controlling sexually violent behavior due to a mental abnormality or personality disorder that makes him likely to engage in a future act of sexual violence. **See** Hearing Transcript, 6/24/2021, at pp. 93-97. Accordingly, A.M.B. was once more mandated to undergo an additional

year of involuntary commitment.  *See* Trial Court Order, 6/25/2021, at 1; *see also* Trial Court 1925(a) Opinion, 8/9/2021, at 3-6 (setting forth the trial court's reasoning and suggested reasons why the order on review should be upheld).  A.M.B. timely appealed, and in his brief, he raises a single issue:

> Whether the trial court erred in determining by clear and convincing evidence that [A.M.B.] continues to have serious difficulty controlling sexually violent behavior while committed for inpatient treatment due to a mental abnormality or personality disorder that makes him likely to engage in an act of sexual violence and, further, ordering that [A.M.B.] be committed for additional involuntary treatment for one (1) year to the sexual responsibility & treatment program [SRTP] on the campus of Torrance State Hospital[.]

Appellant's Brief, at 8 (suggested answer omitted).

A.M.B.'s central contention is that the evidence supporting his involuntary commitment is legally insufficient.  He stresses that despite his diagnoses of personality disorders,[2] his behavior in the past seven years of involuntary commitment has demonstrated his ability to refrain from committing sexually violent offenses.

Moreover, A.M.B. argues that although he has not completed all five steps of the SRTP, there is no evidence that completion of the program is correlated with a lower propensity to commit violent sexual offenses.

---

[2] A.M.B. was diagnosed with an anti-personality disorder, and "other specified paraphilic disorder, which is related to having some pathological sexual patterns that don't quite meet the criteria for a full separate diagnosis." Hearing Transcript, 6/24/2021, at pp. 59-60.

According to A.M.B., his diagnoses and failure to complete his treatment program do not satisfy the clear and convincing evidence standard of the statutes governing court-ordered involuntary treatment. **See** 42 Pa.C.S. § 6403.

We begin our analysis of A.M.B.'s claim by reciting the applicable standard of review. "[T]he Commonwealth . . . bears the burden of showing by clear and convincing evidence that 'the person has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence.'" **Commonwealth v. S.T.S., Jr.**, 76 A.3d 24, 38 (Pa. Super. 2013) (quoting **Interest of A.C.**, 991 A.2d 884, 889 (Pa. Super. 2010)). If this burden is met, then the trial court must commit the person to one year of inpatient treatment. **See Interest of A.C.**, 991 A.2d at 889.

Clear and convincing evidence is evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." **Commonwealth v. Meals**, 912 A.2d 213, 223 (Pa. 2006) (quoting **Commonwealth v. Maldonado**, 838 A.2d 710, 714 (Pa. 2003)). "When reviewing the sufficiency of the evidence in this context, we must consider the evidence in the light most favorable to the Commonwealth, which prevailed upon the issue [below]." **See id**., at 218; **In re S.T.S., Jr.**, 76 A.3d at 28

(same). This Court is precluded from "weighing and assessing evidence in the first instance." *Meals*, 912 A.2d. at 223.

In the instant case, the Commonwealth presented sufficient evidence from which the trial court could conclude, under the clear and convincing evidence standard, that A.M.B. suffers from a mental abnormality or personality disorder that makes him likely to engage in an act of sexual violence in the future.

At the annual review hearing held in 2021, the Commonwealth presented two witnesses who opined on A.M.B.'s mental health and likelihood of engaging in future acts of sexual violence. The first witness, Dr. Robert Stein, is a member of the Pennsylvania Sexual Offender's Assessment Board, and he was admitted as an expert in the field of sexual offender assessment and treatment. Dr. Stein testified that he has conducted A.M.B.'s assessments in the treatment program each year from 2014 to 2021. According to Dr. Stein, A.M.B. suffers from an anti-social personality disorder and a "paraphilic disorder." Hearing Transcript, 6/24/2021, at pp. 19-20. It was Dr. Stein's opinion that if A.M.B. were released from the program before successful discharge, he would be likely to engage in an act of sexual violence. *Id*., at 26.

The Commonwealth's second witness, Dr. Cole McCracken, is the clinical director of A.M.B.'s treatment program. Dr. McCracken was qualified at the hearing as an expert in clinical psychology and the treatment of sexual

offenders. Dr. McCracken echoed Dr. Steins' testimony that A.M.B. suffers from other specified paraphilic disorder, which he described as "having some pathological sexual patterns that don't quite meet the criteria for a full separate diagnoses." *Id*., at 60. For example, A.M.B. displayed "elements of exhibitionism, frottage, and non-consent." *Id*. Moreover, Dr. McCracken testified that A.M.B. was diagnosed with "anti-social personality disorder and schizotypal personality disorder." *Id*., at 60.

Both Dr. Stein and Dr. McCracken testified that in addition to having personality disorders, they believed that if released to an outpatient treatment facility,[3] A.M.B. would be likely to commit violence sexual offenses:

> Dr. Stein testified that this has been [A.M.B.'s] most successful year at the SRTP. In the past year [A.M.B.] has progressed further than he ever has, attaining Level 2-3 of the program in April 2021. Level 2-3 allows residents to be eligible for the in-house step-down unit, which while still in a secure lockdown setting, offers expanded freedoms and more ability to interact with peers. Despite this progress, Dr. Stein expressed concern that [A.M.B.] has not yet developed the necessary coping strategies to deal with the unstructured environment. [A.M.B.'s] behaviors have only recently stabilized in a secure setting. Dr. Stein testified that [A.M.B.] continues to have difficulties with being defensive and argumentative. [A.M.B.] must develop coping skills to manage his high-risk factors so that once in the unstructured community, he does not engage in sexual misconduct with those that are vulnerable. Dr. Stein testified that, "If he were released to the community today, he would not have developed the coping strategies to deal with the unstructured environment." Dr. Stein

---

[3] Since 2014, A.M.B. has been confined to inpatient treatment at the Torrance State Hospital, where he participates in the SRTP. This program consists of five progressive "levels" of supervision and social interaction, with Level 1 being the most restrictive, and Level 5 being the least restrictive.

testified that in his opinion, [A.M.B.] meets the criteria for further involuntary commitment.

* * * *

Dr. McCracken testified as to [A.M.B.'s] progress within the past year, including his progression to Level 2-3. Dr. McCracken reported that [A.M.B.] was better able to work through his defensiveness and resistance to treatment in this past year. However, [A.M.B.] continues to struggle with a profound negative view of himself.

Trial Court Opinion, 4-6 (citations omitted).

Additionally, Dr. Stein and Dr. McCracken also expressed concern that A.M.B. had, in past years, disclosed having deviant sexual fantasies, but that in the most recent year, he had ceased doing so. The witnesses explained that the lack of disclosure or defensiveness that A.M.B. exhibited has a negative impact on his ability to control his impulses to commit acts of sexual violence. Although these witnesses were optimistic about the progress A.M.B. had made in the previous year – an optimism shared by the trial court – they believed that another year of inpatient treatment would enable A.M.B. to progress through his program to the extent necessary to prepare him for release. Significantly, A.M.B. has only recently progressed to a point in his treatment program where the strictest supervisions have not been necessary, and the two witnesses both opined that A.M.B. needs more time adapting to unsupervised social interaction before he can effectively regulate his impulses on his own. *See* Hearing Transcript, 6/24/2021, at pp. 35-38, 57-60.

The opinions of Dr. Stein and Dr. McCracken were credited by the trial court, who sat as the finder of fact. **See Meals**, 912 A.2d. at 223. A.M.B.'s lack of sexually violent behavior and his general critique of the efficacy of his treatment program did not preclude a determination that further inpatient treatment is warranted. As we explained in A.M.B.'s previous appeal, "this Court has not required evidence of overtly sexually violent acts to support a finding that an individual poses a high risk of reoffending when reviewing the sufficiency of the evidence pursuant to Section 6404(b)(2)." **Interest of A.M.B.**, 264 A.3d 384 (citing **J.C.**, 232 A.3d at 897-98 (rejecting sufficiency claim based on lack of evidence that appellant had touched anyone inappropriately since his adjudication of delinquency)). Thus, A.M.B.'s claim has no merit, and the order committing A.M.B. to another year of involuntary inpatient treatment must stand.[4]

Order affirmed.

Judge Olson concurs in the result.

Judge Sullivan concurs in the result.

_____

[4] Despite this Court's disposition, we note that the clear and convincing evidence standard was only just barely met here due to the somewhat tenuous link between A.M.B.'s lack of progress in his treatment program and the likelihood that he will commit a sexual offense in the future. However, we are constrained by our standard of review to affirm the trial court's ruling, which was predicated on the unrefuted opinions of two expert witnesses.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2022